IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford, a/k/a Jonah Gabriel Jahjah Tishbite, a/k/a King Khalifah of the (4) Global Thrones, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 9:17-cv-1633-TLW ) |
| US Marshal Service, USA, | ) ) |
| Respondent. | ) ) |

# **ORDER**

Petitioner Lawrence L. Crawford, an SCDC inmate proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241 for habeas relief. ECF No. 1, 15. On August 9, 2017, the Court issued a proper form Order directing Petitioner to bring the case into proper form and notifying him that if he did not, the case would be subject to dismissal. ECF No. 9. In response to the Court's proper form Order, Petitioner filed an Affidavit of Facts Giving Judicial Notice, ECF No. 12, a letter, ECF No. 13, a Motion to change venue, to consolidate cases, and for recusal, ECF No. 14, and an Amended Petition, ECF No. 15. These filing failed to bring the case into proper form. On September 26, 2017, United States Magistrate Judge Bristow Marchant issued a Report and Recommendation recommending summary dismissal of the Petition and denying Petitioner's pending motions. ECF No. 20. In response, Petitioner made several filings objecting to the Report and requesting an extension of time or a stay. ECF Nos. 22, 23, 24. This matter is now ripe for disposition.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in

1

whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the voluminous filings and the relevant law. The Report states that "there is no indication that [Petitioner] is 'in custody' as to the alleged detainer." ECF No. 20 at 4. Specifically, the Court notes that Petitioner is a SCDC inmate based on a state conviction unrelated to the detainer he challenges in the instant Petition. While Petitioner asserts general legal conclusions, he does not state a basis for habeas relief. As to Petitioner's constitutional claims in his filings, the record reflects that Petitioner's claims are not specific and the allegations do not mention the named Defendant in this case. In Petitioner's objections, he restates the conclusions and allegations from his previous filings, but fails to state any legal or factual basis for the Court to grant his motions or to reject the Report. To the extent that he objects he was a defendant in Case No. 3:97-mj-00630-MCIV (D.S.C.), his objection has no bearing on the Court's conclusion that his Petition should be dismissed. Further, the Court notes that although Petitioner has filed numerous documents in this case, he has failed to bring the action into proper form.

For these reasons and the reasons stated by the Magistrate Judge, the Report, ECF No. 20, is hereby **ACCEPTED**, the Petitioner's Objections, ECF Nos. 22, 23, 24, are **OVERRULED**, and the Petition is **DISMISSED** without prejudice and without requiring Respondent to file a return.[1] Petitioner's motion to change of venue, for consolidation, and for recusal, ECF No. 14, is hereby **DENIED**. In light of the dismissal of this action, Petitioner's motion for a stay, ECF No. 22, is hereby deemed **MOOT**.

  **IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Chief United States District Judge

February 12, 2018
Columbia, South Carolina

---

[1] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).